IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES E. NOBLES,

     Plaintiff,

v.

DR. MELODY F. BELLINGHAUSEN,

     Defendant.

OPINION and ORDER

Case No.  15-cv-741-wmc

*Pro se* plaintiff James E. Nobles has filed a proposed civil action in which he alleges that defendant Dr. Melody Bellinghausen refused to treat him because he is black.  Because plaintiff is proceeding without prepayment of the filing fee, the next step would normally be for this court to screen his complaint under 28 U.S.C. § 1915 to determine whether he may proceed.  After reviewing the complaint, however, it is clear that this district lacks venue over plaintiff's claims.

Under the federal venue statute, 28 U.S.C. § 1391, a lawsuit such as plaintiff's against a single defendant may be filed only in: (1) a judicial district in which the defendant resides; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district that satisfies these first two options, any judicial district in which the defendant is subject to the court's personal jurisdiction with respect to the action.  Plaintiff states that both defendant and he live in Dallas, Texas, and that the events giving rise to his complaint also occurred in Dallas.  This means that, under § 1391, venue for plaintiff's lawsuit is proper only in the Northern District of Texas, in which Dallas is located.

While plaintiff does not explain why he filed his complaint here, a review of his filing history in the Northern District of Texas via www.pacer.gov does.  It seems that plaintiff is a

1

restricted filer in that district as a result of a lengthy and frivolous litigation history.  It also appears that the district has placed a $500 monetary sanction on plaintiff that must be paid before he may file any future civil action in federal court.  *See, e.g.*, *Nobles v. Roberson, et al.*, No. 10-CV-2628-D, Dkt. #4 (N.D. Texas Jan. 27, 2011) (dismissing action and imposing $500 sanction for plaintiff's failure to comply with previous sanction order from 2003).  In light of this, plaintiff's decision to file in a district having no connection at all to either party or the underlying dispute appears to be a blatant attempt at forum shopping.

When a court lacks venue, the court may dismiss the case or transfer it to a district in which it could have been brought.  *See* 28 U.S.C. § 1406(a).  Here, there appears to be no point in transferring the case to the Northern District of Texas as there is no indication plaintiff has complied with the present sanctions imposed by that district.  Accordingly, the case will be dismissed without prejudice.  If plaintiff wishes to refile, he must do so in the Northern District and in accordance with that District's filing restrictions.

ORDER

IT IS ORDERED that this case is DISMISSED WITHOUT PREJUDICE for lack of venue.

Entered this 7th day of December, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

2